Geoffrey W. SLOAN, Appellant,

v.

LOCAL BOARD NO. 1, BERNALILLO COUNTY, NEW MEXICO, Clyde A. Hill, Chairman, Horace Barela, Dr. Ralph Tapy, Timothy B. Keleher, Robert W. Botts, Gen. John P. Jolly, Gen. Lewis B. Hershey, John Mitchell, Attorney General of the United States of America, Appellees.

No. 284–69.

United States Court of Appeals Tenth Circuit.

Aug. 11, 1969.

6. 18 U.S.C. § 3501.

7. *See* United States v. Barber, 291 F.Supp. 38, 41 (D.Neb.1968).

William S. Dixon, Albuquerque, N. M., for appellant.

Morton Hollander, Dept. of Justice, Washington, D. C. (William D. Ruckelshaus, Asst. Atty. Gen., Victor R. Ortega, U. S. Atty., and Michael P. Watkins, Asst. U. S. Atty., with him on the brief) for appellees.

Before LEWIS, BREITENSTEIN and HICKEY, Circuit Judges.

HICKEY, Circuit Judge.

This is a pre-induction suit filed in the district court wherein appellant Sloan seeks to overturn his I–A classification and enjoin his induction into the armed forces pursuant to the order of his local board.

The question presented is the extent to which § 10(b) (3) of the Military Selective Service Act of 1967[1] denies or prohibits pre-induction judicial review of local board determinations in the light of Oestereich v. Selective Service System Local Bd. No. 11.[2]

Upon the expiration of Sloan's II–A deferment for service in the Peace Corps, his local board reclassified him I–A. He requested and was granted a personal appearance before the board. At this appearance he claimed: (1) that his Peace Corps service satisfied his military service obligation and (2) that he was entitled to a II–S deferment as a law student.

The board affirmed Sloan's I–A classification and notified him of his right to appeal. Sloan perfected an appeal and reasserted his request for a student deferment together with notice that he would apply for a I–O classification as a conscientious objector. A form given to those claiming conscientious objector status was provided Sloan which he completed and filed with the local board. The board reviewed the additional information contained in the form and voted 5–0 not to reopen the I–A classification determination. Sloan's file was then forwarded to the appeal board and the I–A classification was affirmed by a 5–0

vote. Thereafter the file was returned to the local board and a reaffirmed I–A classification mailed to Sloan.

Sloan was then ordered to report for induction on March 17, 1969. On March 11, 1969 induction was postponed until June 7, 1969. Thereafter, during March and April, Sloan's file was successively reviewed by the state headquarters and the local board. Sloan's I–A classification was reaffirmed and not reopened.

This action was filed on May 6, 1969 and relief was denied by the trial court on May 27, 1969. An appeal was perfected to this court and arguments heard on June 16, 1969.

After hearing the oral arguments and examining the filed briefs, this court orally affirmed the trial court, denied the relief requested and the motion for injunction pending appeal, and advised litigants this opinion would be filed in due time.

Sloan contends that the regulations promulgated by virtue of the President's delegation of the power to promulgate regulations of the Selective Service System denied him due process under the facts presented in this case. He contends that the language of Oestereich relative to the delinquency procedure in that case authorizes an examination of claimed procedural defects and therefore such an examination is not proscribed by 50 U.S.C. App. § 460(b) (3).

The language in the concurring opinion of Justice Harlan in Oestereich would appear to support Sloan's contentions. Therefore, we must revisit Oestereich as its facts are known to this court.

The evidence before the local board, the state headquarters, the state appeal board, the trial court, and this court did not contain facts which would disclose that Oestereich was a full time theological student in good standing. This matter was first presented to the Supreme Court in the memorandum for respondents in which the Solicitor General con-

---

1. 50 U.S.C.App. § 460(b) (3).

2. 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968).

fessed error and requested the case be reversed and remanded in the interest of justice.

These facts were presented to the court in the following language:

"Petitioner is a full-time student in good standing at the Andover Newton Theological School, which is a 'recognized theological or divinity school.'4" [Note 4, "The Solicitor General has confirmed these facts."] [3]

The above identified facts were all important to the confession of the Solicitor who submitted to the Supreme Court that a decree be entered in favor of petitioner Oestereich on the basis of his acknowledged status as an exempt ministerial student.

The decision of the majority of the court was to "accordingly reverse the judgment and remand the case to the District Court where petitioner must have the opportunity to prove the facts alleged and also to demonstrate that he meets the jurisdictional requirements of 28 U.S.C. § 1331." [4]

On the same day *Oestereich* was handed down, Clark v. Gabriel,[5] was decided. The majority of the Supreme Court, which included Justice Harlan, said, "In *Oestereich* the delinquency procedure by which the registrant was reclassified was without statutory basis and in conflict with petitioner's rights explicitly established by the statute and not dependent upon an act of judgment by the board. Oestereich, as a divinity student, was by statute unconditionally entitled to exemption." [6]

The procedure examined in *Oestereich* involved a change in IV–D classification which is accorded divinity students.

The contention was made that Oestereich's change from IV–D to I–A was the result of a penalty for delivering his draft card to a protester who in turn delivered it, along with several other draft cards, to the Department of Justice. This delivery, therefore, placed Oestereich in the position of violating the law in that he did not have the required card in his possession. Oestereich contended that the reclassification procedure was punitive and not according to the prescribed punishment for violation of the law above described. The exercise of the classification procedure for this purpose gave rise to the court's discussion of "delinquency procedure."

The present case is in no way factually similar to *Oestereich* as here the I–A classification was initially determined by the board and thereafter Sloan sought deferment and was refused. He then applied for a classification change to conscientious objector. The board reviewed the application and "exercised its statutory discretion to pass on a particular request for classification, 'evaluating evidence and * * * determining whether a claimed exemption is deserved.'" [7]

■ Because of the exceptional factual situation of *Oestereich* and the lack of such circumstances in this case, Clark v. Gabriel, supra, which relates to a conscientious objector classification, controls the determination herein.

"A Local Board must make such a decision in respect of each of the many classification claims presented to it. To allow pre-induction judicial review of such determinations would be to permit precisely the kind of 'litigious interruptions of procedures to provide necessary military manpower' (113 Cong.Rec. 15426 (report by Senator Russell on Conference Committee ac-

3. Page 11 of the Solicitor's memorandum filed in the Supreme Court in No. 1246, Oestereich v. Selective Service System Local Board No. 11, et al., 391 U.S. 912, 88 S.Ct. 1804, 20 L.Ed.2d 651.

4. Oestereich v. Selective Service System Local Bd. No. 11, 393 U.S. 233, 239, 89 S.Ct. 414, 417, 21 L.Ed.2d 402 (1968).

5. 393 U.S. 256, 89 S.Ct. 424, 21 L.Ed.2d 418 (1968).

6. *Id.* at 258, 89 S.Ct. at 426.

7. *Id.*

tion)) which Congress sought to prevent when it enacted § 10(b) (3)." [8]

In order to reach Sloan's contentions relative to the procedures provided for in the regulations, this court would have to make a determination that the application for conscientious objector status effected a reopening of the I–A classification. The trial court's finding and the chronological record of the board's action deny any reopening.

Sloan argues that the court should determine that the board erred in exercising its discretion on the reopening of his classification. To determine this issue this court would be required to open and examine the board's file. This is exactly what is proscribed by 50 U.S.C. App. § 460(b) (3). The conclusion of the trial court that this section of the code denies review is therefore correct.

Sloan further contends that his application for conscientious objector status set forth a prima facie case for reopening his I–A classification. The board in its discretion determined it did not. We are denied review of this contention in accordance with the teaching of Clark v. Gabriel, supra.

In view of the foregoing, we affirmed the trial court immediately following the hearing on June 16, 1969.

Affirmed.

**8.** *Id.* at 258–259, 89 S.Ct. at 426.